UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE, INDIANA

HERBERT E. ROBERTSON #885415
    PLAINTIFF,
V.                                          COMPLAINT
NANCY MARTHAKIS, DR.              CIVIL ACTION NO. 3:22-cv-887
IN HER INDIVIDUAL CAPACITY
    DEFENDANT                     JURY TRIAL DEMAND
                                  COMPLAINT FOR MONEY DAMAGES.

**FILED**
**10/20/2022**
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
Gary T. Bell, Clerk

1.

Prisoners Complaint
Title 42 USC 1983

1) Comes now Plaintiff Herbert E. Robertson #885415 pro se. Pursuant to title 42 U.S.C. 1983 Bringing this Lawsuit for Relief from Actions and omissions that deprieved the Plaintiff of Rights, priviledges or Immunities Secured by the Constitution and laws of the United States. Deliberate Indifference to a Serious Medical Need, Resulting in Injury and Severe pain for a prolonged period in Violation of the Eighth Amendment to the United States Constitution.

2) ### I Jurisdiction

Plaintiff brings this lawsuit pursuant to 42 USC 1983. This Court has jurisdiction under 28 USC 1331 And 1343. Plaintiff Also Seeks A Declaratory Judgment pursuant to 28 U.S.C. 2201, An Injunctive Relief, And Jurisdiction pursuant to 28 U.S.C. 1332.

3) ### II Venue

The Northern District of Indiana is an Appropriate Venue under 28 U.S.C. 1391(B)(2) because all of the Events and ommisions giving Rise to the Claims occured in this District.

4) ### III Plaintiff

Plaintiff Herbert E. Robertson, is and was at all times mentioned herein a prisoner of the State of Indiana in the Custody of the Indiana Dept. of Correction. He is Currently Confined to the Indiana State Prison, in Michigan City, IN.

2.

## IV Defendant

5) Defendant Dr. Nancy Marthakis (herein after "Marthakis") at all times relevant to this action was the Medical Director and Medical Doctor at the Indiana State Prison at Michigan City, IN. In her official capacity she was responsible for the healthcare, treatment, ensuring inmates and Plaintiff received adequate/appropriate healthcare at the Indiana State Prison. She is sued in her individual capacity.

## V Exhaustion of Administrative Remedies

6) Plaintiff sought to exhaust his administrative remedies as required by the Prison Litigation Reform Act, and I.D.O.C Policy 00-02-302. Plaintiff followed this policy thru every step of the grievance process with each issue presented in this complaint.

## VI Facts

7) After being injured in several falls at Pendleton Correctional Facility, I was transferred to the Indiana State Prison on December 30, 2021.

8) On January 6, 2022 I was seen by Nurse Block after my R-leg gave-out, and I fell twice since my arrival at the Indiana State Prison. I suffered subsequent injury to my back, thigh, knee. Nurse Block noted 10-10 pain, that my leg would not support me, deep bruising, swelling. She personally notified Dr. Marthakis who ordered I use a walker for six months, no stairs, a bottom range pass, an ace wrap, and Toradol for severe pain. An appointment was set for me to see Defendant Marthakis.

3.

9) On January 11, 2022 I was seen and examined by Marthakis. She personally noted swelling, discoloration, that my leg would not support me. I personally told Defendant my R leg was numb below my knee to my toes. Defendant told me she had reviewed my medical history on EMR, the findings of a prior MRI of my back, the findings of severe muscle atrophy, and my history of falls. I personally asked Defendant for a MRI because several prior providers had stated I needed advanced imaging. I asked for an off-site provider orthopedic consult for my spine and leg/knee. Defendant became very angry, and told me she should not be treating me for an injury that occurred almost a year ago at another prison. Defendant personally told me my leg and back should not be in this condition, but Defendant stated a MRI and off-site specialist visits cost thousands of dollars, that I would not be receiving any of those procedures. Defendant Marthakis had knowledge of my prior and current injuries, my severe pain, and made a conscious decision on this date to not seek specialized care for my obvious serious injuries. Defendant prescribed Cymbalta for severe pain, and told me to leave her office.

10) On January 21, 2022 Marthakis discontinued Cymbalta due to side effects.

11) On February 6, 2022 the American Civil Liberties Union contacts the legal counsel for the I.D.O.C over my injuries/pain/medical care.

12) On March 23, 2022 my R-leg gives out with my walker, I fall to the ground twisting my R-leg and foot. R-great toe, thigh, back, knee in severe pain. R-foot, toe severely swollen, discolored in hours, cellhouse Sgt. notifies medical I need medical attention.

4.

13) On March 24, 2022 Taken to xray at ISP, xray tech states R-Great toe clearly broken, Foot possibly fractured. Xray tech escorts me to Marthakis' office where she gives her verbal results of xrays of broken bones. Given crutches to replace walker, Toradol for pain. I asked Marthakis to house me in the prison infirmary due to the long distance from my cellhouse to the chowhall. Marthakis states-Not at this time.

14) On March 26, 2022 I filed a grievance over not receiving off-site specialized care, that I was injured, had broken bones, severe pain. Marthakis had prior knowledge on January 6, 2022 that I needed specialized care for my injury.

15) On April 14, 2022 Seen by Dr. Israel Yacuhta at Lakeshore Bone & Joint Institute. Complete exam, xrays taken, orders spinal/knee MRI, notes severe pain orders Norcos 7.5 mg, Continue on crutches, Follow-up with him after MRI.

16) On April 14, 2022 I return to ISP from Lakeshore Bone & Joint Institute. Marthakis states-"No one gets Norcos at this prison". No exam, no assessment, that I am not getting a MRI for simple back/knee pain because Centurion would be broke if everyone got a MRI for these minor issues. No equivalent pain medication.

17) On April 19, 2022 Marthakis retaliates because I filed grievances and because the ACLU contacted the I.D.O.C. over my medical care. Provider states on provider notes that Marthakis "personally" made sure to order my KOP Naproxen is now ordered DOT with a strict crush and float on water. Marthakis states I am not getting anything but the already prescribed Naproxen for severe pain.

5.

Marthakis instructs me in writing to ignore Dr. Israel Yachtas instructions to keep using crutches until he sees my MRI and follows-up with me. Marthakis instructs me in writing to put weight on my R-leg/spine, to walk without crutches, to buy OTC medications off commissary as an equivalent for Norco 7.5mg prescribed by Dr. Yachta. But, for I filed grievances and the ACLU contacted the I.D.O.C., Marthakis would not have ordered a KOP medication not to be crushed and floated in water that made me sick daily, and she would not have ordered me to buy OTC medication off commissary for severe pain.

18) On April 25, 2022 the ACLU again contacts the I.D.O.C. over my medical care/pain.

19) On May 24, 2022 seen by Marthakis, she is very angry that I filed more grievances, that the ACLU contacted the ACLU, that I keep putting in healthcares for intractable pain in my knee, thigh, back. I personally told Marthakis the crushed Naproxen is making me sick/throw-up. I told her I am struggling to crutch the long distance to the chowhall, that I am missing meals, going hungry, that I am struggling to crutch up stairs at the medroom at 3:00am and 3:00pm. I asked Marthakis to be housed in the infirmary, to be medical idle so I can receive my meals and medications in the infirmary. Marthakis stated because I keep complaining that I will not be housed in the infirmary, I will not be medical idle, that I will comply with her orders to take crushed Naproxen twice a day or she will make my thyroid and high blood pressure medications also DOT. These medications have been KOP for 15 years! Marthakis demands

6.

I Accept an unwanted form of treatment with crushed Naproxen that made me sick / throw-up, in order for me to continue to receive my Thyroid / High blood pressure medications on KOP that I needed to live and wanted. Marthakis retaliates and threatens retaliation.

20) On May 16, 2022 - MRI shows severe foraminal encroachment, bone spurring in lower spine, osteoarthritis, effusion in R knee.

21) On June 6, 2022 - Provider attempts to provide Cymbalta because of MRI Results / Severe pain, I told Provider that Dr. Marthakis had discontinued me Cymbalta on January 21, 2022 due to side effects. I asked for the Norcos 7.5 mg prescribed by Dr. Yacuhta - orthopedic surgeon. Dr. Marthakis notes on Provider notes I am to receive NO pain medication in Any form because I will not accept psych medication on top of crushed Naproxen together.

22) On June 10, 2022 Seen by Marthakis for a written request to be medical idle, to be housed in the infirmary until I can walk or safely ambulate on crutches, until I can make it to the chowhall to eat, until I can work a job. I personally told Marthakis I am going hungry from missing meals, that the crushed Naproxen is still making me sick, I am throwing-up, that I am not getting any pain relief. Marthakis personally told me she did not care about my struggles, that because I keep filing grievances and because the ACLU contacts the I.D.O.C., that my Naproxen will remain crush and float, I will not be housed in the infirmary, I will not be medical idle, that effective immediately my

7.

Thyroid medication will become a DOT medication, that I will crutch to the medroom at 3:00AM to Receive it. MARTHAKIS states I will comply with her order or she will stop all my medications for non-compliance. Because I filed grievances, because the ACLU contacted the I.D.O.C. over my medical care MARTHAKIS retaliated for the second time. Defendant states I will start Pamelor today, that it is not a mental health drug, it will be fine with crushed Naproxen.

23) On June 28, 2022 Seen by Dr. Israel Yacuhta at Lakeshore Bone & Joint Institute. He reviews MRI, does complete exam, states I need an expedited referral to a spinal specialist for severe foraminal encroachment, severe pain. I personally told Dr. Yacuhta I am struggling on crutches, I can not make it to the chowhall, I am in severe pain. Dr. Yacuhta orders-"Activity only as tolerated", continue on crutches, Narcotic Analgesic, Expedited Spinal Referral.

24) On June 29, 2022 MARTHAKIS refuses/disregards Dr. Yacuhta's recommendations/directions of-"Activity only as tolerated", refuses to dispense any type of narcotic analgesic.

25) On July 5, 2022 MARTHAKIS sees me, stops Pamelor immediately because of side effects of being dizzy, blurred vision, unsteady, that I fell on my crutches. I asked to be housed in the infirmary, to receive my meals and medications there, I personally told her, showed her Dr. Yacuhta's instructions to have Activity only as tolerated, that I have severe spinal abnormalities. MARTHAKIS consciously disregarded my severe pain, my blurry vision, dizziness, falls and refused to house me in the infirmary. Defendant ordered I start

8.

Depacote today. She stated Depakote is not a Mental Health Drug.

26) July 6, 2022 - Medroom Nurse tells me Depakote is for Bi Polar, Manic Episodes. I will not take Depakote, I am still having withdrawal side effects of Pamelor.

27) July 11, 2022 - I notify Marthakis I am still having withdrawal/side effects of Pamelor. I am unsteady on crutches, I have fallen, dizzy, blurred vision.

28) July 15, 2022 Seen by Marthakis, She is very Angry, Screaming at me because I will not take Depakote. I personally told Marthakis I am struggling with side effects of Pamelor, I am unsteady on my crutches. I am falling. I again told her I can not make it to see Chadshall on my crutches. I personally told Marthakis I can not comply with her order to take crushed Naproxen as the medroom has had NO PAIN medication since July 5, 2022. I told her the medroom was borrowing Naproxen from other Inmates prescriptions to give me one (1) pill a day for a week prior to July 5, 2022. That the medroom Director of Nursing (Lacey) told me to buy Aleve off of Commissary. Marthakis told me if I will take Dilantin for pain starting today, that she will make my Naproxen and Thyroid medications KOP effective immediately. That she will order those medications from a different pharmacy, that I can take these medications back to my cell when they arrive and use them as needed. Marthakis told me Dilantin is in no way a Mental Health Drug, it's prescribed for pain. I start Dilantin today from stock medication in the medroom.

9.

29) On August 1, 2022 with no exam, no accessment, and for no medical reason Marthakis retaliates because I filed a grievance over not receiving my medications from the back-up pharmacy. Marthakis again orders my Naproxen crush and float on water- strict DOT again.

30) On August 5, 2022 I notified Marthakis in writing that the Dilantin she prescribed on July 15, 2022 is not helping my severe pain, that I am unsteady, having falls, that staff noticed I have slurred speech. I am never seen for this healthcare.

31) On August 11, 2022 I am seen by Dr. Mao, Nurosurgeon at IU Health. After exam, review of my MRI, prior history, review of my medications where I tell Dr. Mao I am unsteady on my crutches, I am falling, missing meals, having severe pain, that Dilantin is making my speech slurred. Dr. Mao stated I am not receiving the correct medication/treatment. He stated I should have been seen a year ago for severe foraminal encroachment/severe pain. He diagnoses chronic radiculpathy, severe pain, recommends/ordered a consult with a pain clinic, prescribed Gabapentin 300 mg x 3 times a day for three months, follow-up with him if no improvement after pain clinic consult.

32) On August 12, 2022 Marthakis personally stated I can not have Gabapentin because it is a non-formulary drug. Marthakis will not submit a formulary exception request for Gabapentin. I have NO pain medication in ANY form or any equivalent pain medication until August 31, 2022 - I receive stock Tylenol as an equivalent for Gabapentin, she will not seek any alternative.

10.

33) On August 23, 2022 - Chronic Care Visit, I Personally told Provider I have never been seen for the Healthcare I put in to Marthakis for severe side effects of Dilantin. I Personally told Provider I am still experiencing Dizziness, Irritability, being unsteady. Provider notes these are effects of Dilantin, and stated she will notify Marthakis that I need to be seen ASAP. I am never seen for these Symptoms/Side effects.

34) On August 31, 2021, 20 days after seeing Dr. Mao - Neurosurgeon who prescribed Gabapentin. Marthakis prescribes stock Tylenol for severe pain, chronic Radiculopathy, severe foraminal encroachment. I had no exam, no assessment since July 15, 2022 by Marthakis. I have severe pain, chronic Radiculopathy, Tylenol is not helping my pain. I had no pain medication in any form for 20 days.

35) On October 18, 2022 It has been over two (2) months since I was to be seen by Dr. Shukla, Chetan Rameshchandra at a Pain/Anesthesia Clinic for Chronic Lumbar Radiculopathy, Severe Pain. Tylenol dispensed by Marthakis is not helping me in any way, I am in miserable pain, can not sleep, waking/moving to new position every 20 minutes. Marthakis will not respond to my requests for different pain medication, or why I have not been to see Dr. Shukla, Chetan Rameshchandra.

11.

## VII.  LEGAL CLAIMS

COUNT I: Intentional Delay in Seeking Specialized Care for a Serious Need.

36) Plaintiff incorporates Paragraphs 7 thru 15 as though stated fully herein.

A) Plaintiff was subjected to Deliberate Indifference to Serious medical needs when Marthakis intentionally delayed seeking needed specialized care for Plaintiffs serious medical needs. Marthakis had complete access to Plaintiff's medical history, examined Plaintiff personally, and consciously made the decision to not seek specialized care due to the cost of specialized care. Marthakis further personally stated on Jan 11, 2022 she would not seek specialized care because the initial injury occurred at another prison, and providers made no referrals for specialized care. Marthakis' intentionally delay for a prolonged period resulted in further injury that resulted in broken bones, and severe pain - all a result of Marthakis intentionally delaying specialized medical care. Marthakis was deliberately indifferent to Plaintiffs serious medical need, as a result a Neurosurgeon diagnosed severe Radiculopathy that became chronic, severe pain became intractable. These deliberate actions by Marthakis harmed Plaintiff, and resulted in an inexplicable delay in needed medical treatment which served no penological interest. Marthakis' medical care was blatantly inappropriate. All of the above constitute deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

12.

# LEGAL CLAIMS

## COUNT II: Following An Ineffective treatment plan for a prolonged period.

37) Plaintiff Incorporates Paragraphs 13 THRU -31 As though stated fully herein.

A) Plaintiff was subjected to Deliberate indifference to Serious medical needs when Marthakis Continued to follow An ineffective treatment plan after having Knowledge this plan was Resulting in Severe Pain And cruel And unusual Punishment. Plaintiff Personally at multiple Provider visits, And in writing Asked Marthakis to house him in the Infirmary As medical Isle because he was Struggling to crutch Long Distances to the chowhall, And the madroom at 3:00AM And 3:00PM while in Severe pain, And while experiencing Severe Side effects of medication prescribed by Marthakis.

Marthakis ordered Naproxen crushed And floated in water which made Plaintiff throw-up Daily, this order was for Months And because of Retaliation By Marthakis.

Marthakis was Consciously Aware Plaintiff was struggling with the Side effects / withdrawal From Pamelor she prescribed with the crushed Naproxen.

Marthakis was Consciously Aware Plaintiff was suffering from the side effects of Dilantin combined with the above medications.

Marthakis was Consciously aware DR. Israel Yacuita, An orthopedic Surgeon Instructed/ Recommended "Activity only As tolerated" on crutches.

Marthakis was Personally Aware Plaintiff was missing Many Meals Due to Not being able to crutch the Long Distance to the chowhall.

Marthakis Purposefully persisted with A course of treatment that she knew caused Plaintiff Severe pain, Additional falls, Dizziness, Blurry Vision, Severe Nausea. Marthakis Decision to Deny AN Easy Accomodation, And Follow AN Ineffective treatment plan for A prolonged period, is Direct Evidence of blatantly inappropriate medical treatment. All of the above constitute Deliberate Indifference in Violation of the Eighth Amendment to the United States Constitution.

13.

# LEGAL CLAIMS

## COUNT III: Failure to Act on the Instructions/Recommendations of Experts

38) Plaintiff incorporates paragraphs 15-32, 16-17, 31, 34 as though fully stated herein.

A) Plaintiff was subjected to Deliberate Indifference to Serious Medical Needs when Marthakis intentionally refused to dispense the prescribed/ordered pain medications, and refused to provide an effective equivalent. Dr. Israel Yachta, orthopedic surgeon, and Dr. Mao a neurosurgeon prescribed Norcos 7.5mg, a narcotic analgesic, and Gabapentin 300mg on three occasions for diagnosed chronic radiculopathy, severe 8-10 pain, severe foraminal encroachment. Marthakis refused on three occasions to provide the above medications. Stated - "No one gets Norcos at this prison", she did no exam, no assessment, based her decision on a custom. Marthakis stated the above Gabapentin was a non-formulary drug, and refused/failed to submit a formulary exception request. Plaintiff had no pain medication of any kind for 20 days. Marthakis then on August 31, 2022 provided stock Tylenol. Marthakis consciously ignored two expert specialists and prescribed medication that was not effective in treating severe pain.

Marthakis did not disagree with the findings of Dr. Yachta, Dr. Mao, or the MRI results. She personally stated on June 10, 2022 that plaintiff had severe abnormalities in the spine, but consciously refused to act on the instructions of two experts who recommended medications, and that plaintiff continue on crutches with activity only as tolerated. Marthakis purposefully told plaintiff to walk without crutches, to put weight on the leg/spine, to purchase OTC medication from commissary to treat the diagnosed injuries Dr. Mao and Dr. Yachta found upon exam and MRI results.

Marthakis failures left plaintiff in prolonged pain for a prolonged period, this treatment was blatantly inappropriate, and constitutes Deliberate Indifference to Serious Medical Needs in violation of the Eighth Amendment to the United States Constitution.

14.

LEGAL CLAIMS

Count IV: Failure to Inform of the Substantial Risks of Dilantin

39) Plaintiff incorporates paragraphs 28-33 thru as though fully stated herein.

A) Plaintiff was subjected to Deliberate Indifference when Marthakis failed to inform Plaintiff that Dilantin is a toxic drug that decreases electrical activity in the brain. Marthakis prescribed Dilantin for pain, and did not disclose that this drug requires close monitoring, has a narrow range of safety, and can be potentially deadly if not monitored. Marthakis prescribed Dilantin on July 15, 2022 and had personal knowledge on this date that Plaintiff was also still experiencing side effects/withdrawal from Pamelor which Marthakis also prescribed. Plaintiff personally and in writing notified Marthakis on July 15, 2022 that he was dizzy, unsteady on crutches, had several falls, that his leg was not working/functioning correctly because of Pamelor's effects. On August 5, 2022 Plaintiff notified Marthakis' Executive Staff who notified Marthakis he was now experiencing severe side effects from the Dilantin. He had slurred speech, was unsteady on crutches, that Nurse Katie Kavilahs noted side effects and questioned why Plaintiff was taking Dilantin on the medpass. Marthakis failed to monitor, disclose the substantial risks, and then failed to examine or even see Plaintiff when he reported in writing and in person to medical staff Marthakis that he needed immediate attention for the reported severe side effects of Dilantin. Plaintiff has never been seen! Receiving toxic, dangerous drugs without knowledge of the substantial risks is not a risk inherent to prison life. Marthakis acted with Deliberate Indifference because she knew of a substantial risk of serious harm, then failed to act despite having knowledge Plaintiff was experiencing severe side effects. Plaintiff suffered slurred speech, being unsteady on crutches, falls, irritability, and Plaintiffs future health was unreasonably jeopardized. All of the above constitute Deliberate Indifference in violation of the Eighth Amendment to the United States Constitution.

15.

## LEGAL CLAIMS

Count V: Failure to Act

40) Plaintiff incorporates Paragraphs 28 as though fully stated herein.

A) Plaintiff was subjected to Deliberate Indifference when Marthakis failed to act when Plaintiff notified her in person on July 15, 2022 that he had not received any DOT ordered pain medication in the 10 prior days. Marthakis in person contacted the Medroom, communicated with the Director of Nursing that Plaintiff had been given a reduced amount of pain medication prior to July 5, 2022, and that since July 15, 2022 Plaintiff had received NO pain medication DOT ordered. Marthakis failed to use the Back-up Pharmacy that was being used for other offenders within the Prison to receive their DOT medications. Plaintiff was in severe pain, this medication was an equivalent drug to treat severe pain, a substitute drug for the narcotic analgesic prescribed by Dr. Israel Yacuhta, an orthopedic surgeon, on June 28, 2022. Marthakis consciously did not order Plaintiffs DOT pain medication from the Back-up/Alternate Pharmacy, and Plaintiff did not have any pain medication in any form until August 2022 — over 20 days with NO pain medication. Marthakis personally knew Plaintiff was in severe pain, she ordered a DOT Drug to replace the Narcotic Analgesic Dr. Yacuhta, orthopedic Surgeon prescribed on June 28, 2022. Marthakis failed to act, Plaintiff was left with no pain medication in any form for a prolonged period because Marthakis purposefully failed to act and use the Back-up/Alternate pharmacy that was being used for other offenders to receive their DOT medications. All of the above constitute Deliberate Indifference in Violation of the Eighth Amendment to the United States Constitution.

16.

## Legal Claims

### Count VI: First Amendment Retaliation Claim

41) Plaintiff incorporates paragraphs 14-17-19-22-29 as though fully stated herein.

A) Plaintiff was subjected to deliberate indifference to his First Amendment right to be free of retaliation for filing grievances, and because the American Civil Liberties Union contacted the I.D.O.C. over Plaintiff's medical care/pain. Marthakis retaliated by purposefully ordering a KOP medication to be crushed and floated on water which caused sickness.

Marthakis retaliated and ordered a KOP thyroid medication to be DOT that had been KOP for 15 years. This caused severe pain for Plaintiff to crutch to the medroom to receive this needed medication.

Marthakis retaliated and personally denied Plaintiff's repeated written/verbal requests to be housed in the infirmary as medical idle states. This caused Plaintiff to miss many meals, severe pain to crutch long distances while suffering side effects of KOP crushed medications made DOT.

These retaliations caused Plaintiff to experience an adverse action — severe nausea, throwing-up, missed meals, hunger, being forced to crutch in severe pain for long distances to receive DOT/crushed medications, up/down stairs while on crutches. This would likely deter First Amendment activity in the future.

Marthakis abused her power as medical director with conscious knowledge these retaliations would result in unnecessary pain and suffering.

Plaintiff alleges a chronology of events above and in the Facts section of this complaint from which retaliation may be inferred. Marthakis retaliated against Plaintiff because he exercised a constitutionally protected First Amendment right, all in violation of the First Amendment with deliberate indifference to the United States Constitution.

17.

## VIII Prayer For Relief

42) I have permanent, chronic injuries which require further treatment and medications. I have significant, chronic pain, chronic radiculopathy. I have limited activity, limited ability to ambulate, my injuries restrict my ability to function fully in daily life activities. Plaintiff respectfully prays that this court enter judgment granting him:

A) A declaration that the acts and omissions described herein violated his rights under the Constitution and Laws of the United States.
B) Declare the Plaintiffs Rights, Remedies, Defenses were violated under the Constitution and Laws of the United States.
C) Grant Plaintiff Robertson Compensatory Damages in the Amount of $250,000 or more against the Defendant Jointly, and Severely.
D) Grant Plaintiff Robertson Punitive Damages in the Amount of $250,000 or more against the Defendant Jointly and Severely.
E) A Jury trial on each issue triable by jury.
F) Any attorney fees or costs of this suit.
G) Any additional relief this court deems appropriate, just, proper and equitable.

Dated: October 20, 2022

Herbert E. Robertson
HERBERT E. Robertson

### Verified Complaint

I, Herbert E. Robertson swear under penalty of perjury that I have personal knowledge of the facts I allege in this 42 USC 1983 Complaint. I verify that each allegation in this complaint is true and accurate.

Executed at Michigan City, IN on October 20, 2022

Herbert E. Robertson
18.   HERBERT E. Robertson