UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HERBERT E. ROBERTSON,

    Plaintiff,

v.

NANCY MARTHAKIS and WARDEN,

    Defendants.

CAUSE NO. 3:22-CV-887-DRL-JPK

OPINION AND ORDER

Herbert E. Robertson, a prisoner without a lawyer, moves for a preliminary injunction concerning the medical care he is receiving for leg and back pain at Indiana State Prison (ISP). ECF 8. The court ordered a response from the Warden of Indiana State Prison, which has been filed. ECF 18. Mr. Robertson did not file a reply, and the time to do so has passed. The matter is now ready to be decided.

Mr. Robertson claims that when he arrived at ISP in December 2021, he still required ongoing medical care for injuries that happened after several falls at his former facility. ECF 2 ¶ 7. As relevant here, he alleges that a neurosurgeon he saw in August 2022 recommended a consult with a pain clinic, which had not occurred by November 21, 2022, when Mr. Robertson submitted his preliminary injunction motion to be filed. ECF 2 at 2 ¶ 31; ECF 8 ¶¶ 1-4. Further, he alleges he was receiving only Tylenol for pain, though outside specialists had prescribed stronger medication, including Norco and Gabapentin. ECF 2 ¶¶ 21, 23-24, 31; ECF 8 ¶¶ 4-6.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring

an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief in the correctional setting).

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prove a claim, a prisoner must show (1) he has an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference. *Estelle*, 429 U.S. at 104. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to

"reasonable measures to meet a substantial risk of serious harm." *Id*. Courts will "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted).

Defendants provide more than 200 pages of Mr. Robertson's medical records, detailing the medical treatment he has received for his leg and back pain at ISP. ECF 18-1. A motion for a preliminary injunction concerns the current state of affairs. So, although the court has thoroughly reviewed the record, what is relevant for purposes of this motion is that on December 1, 2022, Mr. Robertson was transported to Indianapolis for an appointment at a pain clinic, where he received a nerve-block injection in his back. *Id.* at 224-25, 234.

The medical records reveal that since then, Mr. Robertson has experienced complications from the nerve-block procedure, and those complications resulted in a visit to an outside emergency room and scheduled follow-up appointments at the pain clinic and a urology specialist. ECF 18-1 at 244-47, 249, 274-76. Since the procedure, he has complained of a headache, but no further leg or back pain. *Id.* at 270-72, 278-79.

Thus, on this record, Mr. Robertson cannot show irreparable harm if preliminary relief is not granted. He has received the visit to the pain clinic he was requesting. And the medical records show that since the nerve-block injection, Mr. Robertson's leg and back pain have improved to the extent that he cannot demonstrate that he will be irreparably injured if immediate relief is not granted.

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 8).

SO ORDERED.

February 10, 2023              *s/ Damon R. Leichty*
                               Judge, United States District Court