UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HERBERT E. ROBERTSON,

    Plaintiff,

v.       CAUSE NO. 3:22-CV-887 DRL-AZ

NANCY MARTHAKIS and WARDEN RON NEAL,

    Defendants.

OPINION AND ORDER

Herbert Robertson filed this Eighth Amendment claim in October 2022, alleging that he didn't receive adequate medical care. The court allowed him to proceed, seeking damages from Dr. Nancy Marthakis and injunctive relief against Warden Ron Neal [9]. After Mr. Robertson notified the court that he had recently been transferred to a new facility [144], Warden Neal filed a motion to dismiss under Rule 12(b)(1) [145]. Mr. Robertson, through counsel, filed a motion seeking an extension to respond, but when the court denied that motion, he never filed a response. The court thus rules summarily. *See* N.D. Ind. L.R. 7-1(d)(5).

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Rule 12(b)(1) requires the court to dismiss claims when subject matter jurisdiction doesn't exist. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). Subject matter jurisdiction requires "actual, ongoing controversies" at all times in the case—Article III cases or controversies. *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006). The plaintiff bears the burden of establishing the

jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

Transfer to a different facility moots a prisoner's claim for injunctive relief against the warden "unless he can demonstrate that he is likely to be retransferred," and "a likely retransfer may not be based on mere speculation." *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quotations omitted). "In an action seeking only injunctive relief . . . once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot," *Brown*, 442 F.3d at 596, or the claim as it were, *see Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 596-97 (7th Cir. 2022) (dismissing some claims as moot while allowing others to proceed); *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018) ("As a general rule, cases or individual claims for relief become moot when the issues presented are no longer live") (internal quotations omitted); *United States v. Vega*, 960 F.3d 669, 673 (5th Cir. 2020) ("court must evaluate mootness on a claim-by-claim basis to determine whether each claim satisfies the constitutional requirements for Article III jurisdiction").

Mr. Robertson notified the court that he was transferred from Indiana State Prison, where the alleged constitutional violation occurred, to Plainfield Correctional Facility on April 26, 2024. Nothing in Mr. Robertson's notice or motion for an extension of discovery indicated that he was likely to be retransferred in the future, and he chose not to respond to the motion to dismiss. No live controversy remains between Warden Neal at Indiana State Prison and Mr. Robertson at Plainfield Correctional Facility. His claim against Warden Neal is moot.

Accordingly, the court GRANTS Warden Neal's motion to dismiss [145] and DISMISSES Warden Neal as a party. Mr. Robertson's claim against Dr. Marthakis remains pending.

SO ORDERED.

July 17, 2024                                              *s/ Damon R. Leichty*
                                                          Judge, United States District Court